IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLA JANE McCRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case Number 2:06-cv-309 |
| | ) |
| CITY OF EUFAULA, ALABAMA, | ) |
| STEVE HANNERS, and DAVID | ) |
| DUBOSE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR
MORE DEFINITE STATEMENT AND TO STRIKE**

Defendants the City of Eufaula, Alabama, Steve Hanners, and David Dubose submit this Memorandum in support of their Motion for More Definite Statement and to Strike.

**I. INTRODUCTION**

This action arose from plaintiff Ella Jane McCray's arrest for possession of marijuana on March 16, 2004. (See Compl. at 2, ¶ 5, and at 3, ¶ 9.) McCray's complaint spans fifteen pages. (See Compl. at 1-15.) Its sixteen counts are divided among seventy-eight paragraphs. (See Compl. at 1-15.)

The complaint includes vague, ambiguous and redundant claims. It also includes improper fictitious party and punitive damages claims.

The City of Eufaula, Steve Hanners, and David Dubose move for the plaintiff to replead in compliance with Rules 8(a), 10(b), and 12(f), as described more specifically below.

1

Section II of this Memorandum restates the procedural rule that governs vague and ambiguous pleadings. Section III identifies the specific defects in the plaintiff's complaint. Section IV explains the appropriate remedy, in light of Eleventh Circuit precedent. Section V enumerates the details requested.

## II.   FEDERAL RULE OF CIVIL PROCEDURE 12(e)

Federal Rule of Civil Procedure 12(e) governs this motion:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the detail desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).

For the reasons explained below, the plaintiff's complaint is vague, ambiguous, and violates Rules 8(a), 10(b), and 12(f).

## III.   DEFECTS COMPLAINED OF

The complaint has six defects: (1) each count improperly incorporates by reference all of the preceding paragraphs; (2) each count includes multiple claims, none of which is stated succinctly; (3) the complaint does not identify the specific constitutional right allegedly violated; (4) the complaint unnecessarily duplicates claims; (5) the complaint includes improper fictitious

party claims; and (6) the complaint improperly claims punitive damages from a municipality.

*A. Incorporation of Preceding Paragraphs by Reference*

Each count of the complaint improperly incorporates all of the preceding paragraphs by reference. (See, e.g., Compl. at 3, ¶ 11; at 4, ¶ 15; and at 5, ¶ 19.)

For example, Paragraph 76 reads, "Plaintiff realleges paragraphs 1 through 75 and incorporates them as if fully set out herein." (Compl. at 15, ¶ 76.)

The complaint is a prototypical shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

"The use of shotgun pleadings in civil cases is a ubiquitous problem." Morro v. City of Birmingham, 117 F.3d 508, 515 (11th Cir. 1997). "Shotgun pleadings are not allowed; a lawsuit is not a game of hunt the peanut." Dinkins v. Charoen Pokphand USA, Inc., 133 F. Supp 2d 1254, 1261 (M.D. Ala. 2001) (DeMent, J.).

The United States Court of Appeals for the Eleventh Circuit "has addressed the topic of shotgun pleadings on numerous occasions in the past,

3

often at great length and always with great dismay." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002).

"Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Florida, 117 F.3d 1258, 1263 (11th Cir. 1997).

"Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice." Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001).

"In the long term ... the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

The Eleventh Circuit has criticized defendants for their failure to move for a more definite statement in the face of a shotgun complaint. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001); Anderson v. District Bd. of Trs., 77 F.3d 364, 366-67 (11th Cir. 1996).

"Under the Federal Rules of Civil Procedure, a defendant faced with [a shotgun pleading] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the

4

plaintiff to file a more definite statement." Anderson v. District Bd. of Trs., 77 F.3d 364, 366 (11th Cir. 1996).

The defendants move to require the plaintiff to replead her complaint without unnecessarily incorporating preceding paragraphs by reference.

### B. Inclusion of Multiple Claims in Single Count

The complaint improperly combines multiple causes of action. (See, e.g., Compl. at 3-4, ¶ 14; at 4, ¶ 18; and at 5, ¶ 20.)

For example, Paragraph 14 reads, "As a proximate result of Defendant, Steve Hanners', negligence and/or wantonness, carelessness and unskillfulness, Plaintiff's civil rights were violated and she was deprived of her rights, privileges and/or immunities secured by the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama."

The defendants cannot tell whether Paragraph 14 is based on Alabama's common law, the Constitution of Alabama, or the United States Constitution. It is impossible to determine which elements, legal standards, and defenses apply to this count. Other paragraphs are equally defective. (See, e.g., Compl. at 7, ¶ 32; and at 13-14, ¶ 69.)

"Separate, discrete causes of action should be pled in separate counts." Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996).

Packing multiple claims into a single count violates Rule 10(b): "All averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single

5

set of circumstances… ." "Each claim founded upon a separate transaction or occurrence … shall be stated in a separate count … whenever separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b).

In <u>Cesnik v. Edgewood Baptist Church</u>, the Eleventh Circuit ordered the plaintiffs to replead their complaint and state only one claim per count. <u>See</u> 88 F.3d 902, 910 (11th Cir. 1996).

Eleventh Circuit precedent is clear: "Discrete claims should be pled in separate counts." <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001).

The defendants move to require the plaintiff to replead each discrete claim in a separate count.

### C. *Failure to Identify Specific Constitutional Rights*

The complaint improperly alleges unspecified constitutional violations. (<u>See, e.g.,</u> Compl. at 3-4, ¶ 14; at 4, ¶ 18; and at 7 ¶ 32.)

For example, Paragraph 14 alleges, "Plaintiff's civil rights were violated and she was deprived of her rights, privileges and/or immunities secured by the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama."

Paragraph 14 does not identify which federal or state constitutional right Officer Hanners allegedly violated. Other paragraphs share the same defect. (<u>See, e.g.,</u> Compl. at 7, ¶ 32; and at 10, ¶ 50.)

According to Rule 8(a), "A pleading which sets forth a claim for relief … shall contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

"The Federal Rules of Civil Procedure require that a complaint contain a 'short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In GJR Investments, Inc. v. County of Escambia, the Eleventh Circuit held a complaint was defective when it did not specify which constitutional right the defendant allegedly violated. 132 F.3d 1359, 1368-69 (11th Cir. 1998).

In Byrne v. Nezhat, the Eleventh Circuit held repleader should have been ordered when the complaint did not specify which statutory provision the defendant allegedly violated. 261 F.3d 1075, 1128 n.100 (11th Cir. 2001).

In Cesnik v. Edgewood Baptist Church, the Eleventh Circuit ordered the plaintiffs to replead and identify the statutory provision underlying their claim. 88 F.3d 902, 910-11 (11th Cir. 1996).

"This circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." GJR Investments, Inc. v. County of Escambia, 132 F.3d

1359, 1367 (11th Cir. 1998). "More than mere conclusory notice pleading is required." Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984).

"Under current Eleventh Circuit law, the plaintiff pursuing a § 1983 claim must come forward with specific facts, concerning each defendant, indicating that each defendant has not only violated a constitutional right, but a clearly established one." Edwards v. Alabama Dep't of Corr., 81 F. Supp.2d 1242, 1253 (M.D. Ala. 2000) (Thompson, J.).

"District courts have the power and the duty to define the issues at the earliest stages of litigation." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

"A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

The defendants move for the plaintiff to replead and specifically identify the constitutional right allegedly violated, to include the source of that right.

### D. Unnecessary Duplication of Claims

The complaint unnecessarily duplicates claims. Counts 3 and 4 duplicate Counts 1 and 2. Counts 7 and 8 duplicate counts 5 and 6.

Counts 3, 4, 7, and 8 merely plead an additional element of damages – emotional distress – that is already potentially recoverable under Counts 1, 2, 5, and 6.

Counts 14 and 15 restate Counts 1, 2, 5, and 6 with the additional allegation that the officers acted outside the scope of their employment. The added factual allegation does not state a new legal claim.

Rule 12(f) provides, "Upon motion made by a party before responding to a pleading … the court may order stricken from any pleading any … redundant … matter."

Counts 3, 4, 7, 8, 14, and 15 add nothing to the complaint. The defendants move to strike them as redundant.

### E. Fictitious Party Claims

Counts 9, 10, 11, 12, 13, and 16 improperly name fictitious parties. Fictitious party pleading is not permitted under the Federal Rules of Civil Procedure. See Fuller v. Exxon Corp., 78 F. Supp 2d 1289, 1289 n.1 (S.D. Ala. 1999) (holding "fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure" and striking fictitious party defendants); Weeks v. Benton, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any other federal statute."); Meade v. Prison Health Servs., Inc., No. 94-854-CIV-T-17-B, 1994 U.S. Dist. Lexis 16533, at *11 (M.D. Fla. 1994) ("There is no provision in the Federal Rules of Civil Procedure for fictitious party pleading, and thus the practice is prohibited."); McAllister v. Henderson, 698 F. Supp. 865, 869 (N.D. Ala. 1988) ("Clearly there is no provision in the federal statutes or the Federal Rules of Civil Procedure for the use of fictitious parties.").

Rule 12(f) states, "Upon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any ... impertinent ... matter."

The defendants move to strike all fictitious party claims.

### F.  *Punitive Damages Claim Against the City of Eufaula*

Count 13 improperly claims punitive damages from the City of Eufaula. (See Compl. at 13-14.)

Although it is unclear whether Count 13 is based on state or federal law, punitive damages may not be recovered from a municipality in either case.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Ala. Code § 6-11-26 (1975).

The City of Eufaula moves to strike the punitive damages claims against it.

## IV.  **APPROPRIATE REMEDY**

"In a case such as this one, the trial judge should intervene at the earliest possible moment in the proceeding and, faced with a complaint such as the one filed here, should require that the plaintiff replead his entire case." Pelletier v. Zweifel, 921 F.2d 1465, 1522 (11th Cir. 1991).

"In such cases, it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of litigation.  Absent such efforts, shotgun notice pleadings ... would impede the orderly, efficient, and economic

disposition of disputes." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997).

"If the trial judge does not quickly demand repleader, all is lost – extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. District Bd. of Trs., 77 F.3d 364, 367 (11th Cir. 1996).

In Magluta v. Samples, the Eleventh Circuit refused to consider the merits of an appeal because of the shotgun complaint. 256 F.3d 1282 (11th Cir. 2001). It remanded the case with instructions for the district court to strike the complaint and to require a repleading of all claims in accordance with Rule 8. See Magluta, 256 F.3d at 1285.

Likewise, in Anderson v. District Board of Trustees, the Eleventh Circuit refused to consider the merits of an appeal. 77 F.3d 364, 367-68 (11th Cir. 1996). It remanded the case with instructions for the trial court to narrow the issues through repleader or through statements by counsel on the record. See Anderson, 77 F.3d at 367-68.

In <u>Cesnik v. Edgewood Baptist Church</u>, the Eleventh Circuit remanded with instructions for the plaintiffs to replead with only one claim per count and to identify the specific statutory provision underlying their claim. 88 F.3d 902, 910-11 (11th Cir. 1996).

The Eleventh Circuit's mandate for repleader is firm: "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader." <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1132 (11th Cir. 2001).

## V.  **DETAIL DESIRED**

Wherefore, the City of Eufaula, Steve Hanners, and David Dubose move the Court to order the plaintiff to replead her complaint as follows:

1. To state no more than one claim in a single count, and to identify by name each defendant to which the claim applies;

2. To refrain from unnecessarily incorporating by reference preceding allegations into subsequent counts;

3. For any constitutional claim, to identify the specific constitutional right and provision (article or amendment) allegedly violated;

4. For any statutory claim, to identify the specific statutory right and provision (code section) allegedly violated;

5. To consolidate elements of alleged damages with the claims upon which they are based;

6. To refrain from duplicating claims;

7. To refrain from pleading fictitious party claims; and

8. To refrain from claiming punitive damages from a municipality.

/s/ James H. Pike
James H. Pike  (PIK003)
Attorney for Defendants Steve Hanners and the City of Eufaula, Alabama

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@cobb-shealy.com

/s/ Alyce S. Robertson
Alyce S. Robertson  (ROB102)
Attorney for Defendant David Dubose

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, Alabama  36130
Tel. (334) 242-7554
Fax (334) 242-2433
E-mail arobertson@ago.state.al.us

## **CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on April 10, 2006, I electronically served a copy of this document upon:

Benjamin E. Meredith
707 West Main Street
Dothan, Alabama  36301

**/s/ James H. Pike**
James H. Pike