| | |
|---|---|
| **ELLA JANE McCRAY,** | * IN THE CIRCUIT COURT OF |
| **PLAINTIFF,** | * BARBOUR COUNTY, ALABAMA |
| VS. | * CASE NO.: CV 2006- |
| **CITY OF EUFAULA, BARBOUR COUNTY, ALABAMA; STEVE HANNERS, Police Officer With the City of Eufaula, Barbour County, Alabama, Individually and as Agent and Employee of The City of Eufaula Police Department; DAVID DEBOSE, Police Officer With the City of Eufaula, Barbour County, Alabama, Individually and as Agent and Employee of The City of Eufaula Police Department** | * * * * * * * * * * * |
| **DEFENDANTS.** | * |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, ELLA JANE McCRAY, by and through his undersigned counsel, Benjamin E. Meredith, and represents unto this Honorable Court as follows:

## JURISDICTION

1. Plaintiff, ELLA McCRAY, is over the age of twenty-one years, a resident citizen of Barbour County, Alabama AND is subject to the jurisdiction of this Court.

2. Defendant, THE CITY OF EUFAULA, is a Municipal Corporation located in Barbour County, Alabama AND is subject to the jurisdiction of this Court.

3. Defendant, STEVE HANNERS, is over the age of twenty-one years, was an employee and/or agent of The City of Eufaula on March 16, 2004, AND is subject to the jurisdiction of this Court.

4. Defendant, DAVID DEBOSE, is over the age of twenty-one years, was an employee and/or agent of the City of Eufaula on March 16, 2004, AND is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

5. On or about March 16, 2004, the Eufaula Police Department made a telephone call to the residence of the Plaintiff herein. The Defendants did not identify themselves as the Eufaula Police Department and asked if Tonya McCray lived at the Plaintiff's residence. The Plaintiff responded "no" and hung up the telephone.

6. Approximately ten (10) to fifteen (15) minutes later, the Eufaula Police Department made another telephone call to the residence of the Plaintiff herein. Again, the Defendants did not identify themselves as the Eufaula Police Department and asked for Tonya McCray and then asked if they were calling the McCray's residence.

7. Approximately ten (10) to fifteen (15) minutes later, the Eufaula Police Department made another telephone call to the residence of the Plaintiff herein. Again, the Defendants did not identify themselves as the Eufaula Police Department. The Defendants asked for Ashley McCray and informed the Plaintiff herein that they had a package for Ashley McCray. The Plaintiff herein informed Defendants that Ashley McCray was her son and that they could bring the package to her. Defendants then informed the Plaintiff herein that she could not sign for the package.

8. Approximately ten (10) to fifteen (15) minutes later, the Eufaula Police Department made another telephone call to the residence of the Plaintiff herein. The Eufaula Police Department identified themselves as employees of the United Parcel Service (UPS) and informed the Plaintiff that she could in fact sign for the package for her son and that they would bring the package to her. The Eufaula Police Department further informed the Plaintiff that they would be in a white pick-up truck as opposed to a brown UPS truck.

9. Officer Steve Hanners and Officer David Debose of the Eufaula Police

Department arrived at the residence of Plaintiff carrying a package and a paper. Officer Steve Hanners and Officer David Debose asked the Plaintiff to sign for the package, which she did. Upon signing for said package, the Plaintiff was placed under arrest for possession of marijuana.

10. The Plaintiff filed her Verified Notice/Petition of Claim with Mayor of Eufaula, Jay Jaxon, Jr., on September 24, 2004 in compliance to and in accordance with Section 11-47-23 and Section 11-47-192, Code of Alabama, 1975. A copy of said Verified Notice/Petition of Claim is attached hereto as Exhibit 1.

## COUNT ONE

11. Plaintiff realleges paragraphs 1 through 10 and hereby incorporates them into this Count One as if fully set out herein.

12. On or about March 16, 2004, Defendant, STEVE HANNERS, acting within the line and scope of his employment as a police officer with the City of Eufaula, and as agent of the City of Eufaula, went to the home of Ella McCray, without a warrant and without probable cause, and carelessly, unskillfully, negligently and/or wantonly, unlawfully arrested Ella McCray, the Plaintiff herein.

13. Defendant, STEVE HANNERS, actively participated in the unlawful arrest of Plaintiff and had knowledge of the facts relating to the wrongful arrest of Plaintiff and failed to take reasonable action to prevent the wrongful arrest of Plaintiff.

14. As a proximate result of Defendant, STEVE HANNERS', negligence and/or wantonness, carelessness and unskillfulness, Plaintiff's civil rights were violated and she was deprived of her rights, privileges and/or immunities secured by the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama.

WHEREFORE, ELLA McCRAY, demands judgment against Defendant, STEVE HANNERS, for such sums of compensatory and punitive damages as the jury may assess plus costs.

## **COUNT TWO**

15. Plaintiff realleges paragraphs 1 through 14 and incorporates them as if fully set out herein.

16. On or about March 16, 2004, Defendant, STEVE HANNERS, acting within the line and scope of his employment as a police officer with the City of Eufaula, and as agent of the City of Eufaula, went to the home of Ella McCray, without a warrant and without probable cause, and carelessly, unskillfully, negligently and/or wantonly, unlawfully imprisoned Ella McCray, the Plaintiff herein.

17. Defendant, STEVE HANNERS, actively participated in the unlawful imprisonment of Plaintiff and had knowledge of the facts relating to the wrongful imprisonment of Plaintiff and failed to take reasonable action to prevent the wrongful imprisonment of Plaintiff.

18. As a proximate result of Defendant, STEVE HANNERS', negligence and/or wantonness, carelessness and unskillfulness, Plaintiff's civil rights were violated and she was deprived of her rights, privileges and/or immunities secured by the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama.

WHEREFORE, ELLA McCRAY, demands judgment against Defendant, STEVE HANNERS, for such sums of compensatory and punitive damages as the jury may assess plus costs.

## COUNT THREE

19.     Plaintiff realleges paragraphs 1 through 18 and incorporates them as if fully set out herein.

20.     On or about March 16, 2004, Defendant, STEVE HANNERS, acting within the line and scope of his employment as a police officer with the City of Eufaula, Alabama, and as an agent of the City of Eufaula, Alabama, and while having unlawfully arrested and imprisoned Plaintiff, did carelessly, unskillfully, negligently and/or wantonly inflict upon the Plaintiff, extreme emotional distress.

21.     Defendant, STEVE HANNERS, directly inflicted emotional distress upon the Plaintiff by having knowledge of and participating in the wrongful arrest and imprisonment of the Plaintiff and by failing to take reasonable action to prevent the emotional distress inflicted upon Plaintiff.

22.     As a proximate cause of Defendant, STEVE HANNERS', negligence and/or wantonness, carelessness and unskillfulness, Plaintiff suffered embarrassment, worry, sleeplessness and depression.

WHEREFORE, Plaintiff demands judgment against Defendant, STEVE HANNERS, for such sums of compensatory and punitive damages as the jury mas assess plus costs.

## COUNT FOUR

23.     Plaintiff realleges paragraphs 1 through 22 and incorporates them as if fully set out herein.

24. On or about March 16, 2004, Defendant, STEVE HANNERS, acting within the line and scope of his employment as a police officer with the City of Eufaula, Alabama, and as an agent of the City of Eufaula, Alabama, and while having unlawfully arrested and imprisoned

Plaintiff, did carelessly, unskillfully, negligently and/or wantonly inflict upon the Plaintiff, extreme emotional distress.

25. Defendant, STEVE HANNERS, directly inflicted emotional distress upon the Plaintiff by having knowledge of and participating in the wrongful arrest and imprisonment of the Plaintiff and by failing to take reasonable action to prevent the emotional distress inflicted upon Plaintiff.

26. Defendant, STEVE HANNERS', actions toward Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

27. The emotional distress that Defendant, STEVE HANNERS, caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

28. As a proximate cause of Defendant, STEVE HANNERS', negligence and/or wantonness, carelessness and unskillfulness, Plaintiff suffered embarrassment, worry, sleeplessness and depression.

WHEREFORE, Plaintiff demands judgment against Defendant, STEVE HANNERS, for such sums of compensatory and punitive damages as the jury mas assess plus costs.

## COUNT FIVE

29. Plaintiff realleges paragraphs 1 through 28 and hereby incorporates them into this Count One as if fully set out herein.

30. On or about March 16, 2004, Defendant, DAVID DEBOSE, acting within the line and scope of his employment as a police officer with the City of Eufaula, and as agent of the City of Eufaula, went to the home of Ella McCray, without a warrant and without probable cause, and carelessly, unskillfully, negligently and/or wantonly, unlawfully arrested Ella McCray, the Plaintiff herein.

31. Defendant, DAVID DEBOSE, actively participated in the unlawful arrest of Plaintiff and had knowledge of the facts relating to the wrongful arrest of Plaintiff and failed to take reasonable action to prevent the wrongful arrest of Plaintiff.

32. As a proximate result of Defendant, DAVID DEBOSE'S, negligence and/or wantonness, carelessness and unskillfulness, Plaintiff's civil rights were violated and she was deprived of her rights, privileges and/or immunities secured by the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama.

WHEREFORE, ELLA McCRAY, demands judgment against Defendant, DAVID DEBOSE, for such sums of compensatory and punitive damages as the jury may assess plus costs.

## COUNT SIX

33. Plaintiff realleges paragraphs 1 through 32 and incorporates them as if fully set out herein.

34. On or about March 16, 2004, Defendant, DAVID DEBOSE, acting within the line and scope of his employment as a police officer with the City of Eufaula, and as agent of the City of Eufaula, went to the home of Ella McCray, without a warrant and without probable cause, and carelessly, unskillfully, negligently and/or wantonly, unlawfully imprisoned Ella McCray, the Plaintiff herein.

35. Defendant, DAVID DEBOSE, actively participated in the unlawful imprisonment of Plaintiff and had knowledge of the facts relating to the wrongful imprisonment of Plaintiff and failed to take reasonable action to prevent the wrongful imprisonment of Plaintiff.

36. As a proximate result of Defendant, DAVID DEBOSE'S, negligence and/or

wantonness, carelessness and unskillfulness, Plaintiff's civil rights were violated and she was deprived of her rights, privileges and/or immunities secured by the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama.

WHEREFORE, ELLA McCRAY, demands judgment against Defendant, DAVID DEBOSE, for such sums of compensatory and punitive damages as the jury may assess plus costs.

## COUNT SEVEN

37. Plaintiff realleges paragraphs 1 through 36 and incorporates them as if fully set out herein.

38. On or about March 16, 2004, Defendant, DAVID DEBOSE, acting within the line and scope of his employment as a police officer with the City of Eufaula, Alabama, and as an agent of the City of Eufaula, Alabama, and while having unlawfully arrested and imprisoned Plaintiff, did carelessly, unskillfully, negligently and/or wantonly inflict upon the Plaintiff, extreme emotional distress.

39. Defendant, DAVID DEBOSE, directly inflicted emotional distress upon the Plaintiff by having knowledge of and participating in the wrongful arrest and imprisonment of the Plaintiff and by failing to take reasonable action to prevent the emotional distress inflicted upon Plaintiff.

40. As a proximate cause of Defendant, DAVID DEBOSE'S, negligence and/or wantonness, carelessness and unskillfulness, Plaintiff suffered embarrassment, worry, sleeplessness and depression.

WHEREFORE, Plaintiff demands judgment against Defendant, DEBOSE, for such sums of compensatory and punitive damages as the jury mas assess plus costs.

## COUNT EIGHT

41. Plaintiff realleges paragraphs 1 through 40 and incorporates them as if fully set out herein.

42. On or about March 16, 2004, Defendant, DAVID DEBOSE, acting within the line and scope of his employment as a police officer with the City of Eufaula, Alabama, and as an agent of the City of Eufaula, Alabama, and while having unlawfully arrested and imprisoned Plaintiff, did carelessly, unskillfully, negligently and/or wantonly inflict upon the Plaintiff, extreme emotional distress.

43. Defendant, DAVID DEBOSE, directly inflicted emotional distress upon the Plaintiff by having knowledge of and participating in the wrongful arrest and imprisonment of the Plaintiff and by failing to take reasonable action to prevent the emotional distress inflicted upon Plaintiff.

44. Defendant, DAVID DEBOSE'S, actions toward Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

45. The emotional distress that Defendant, DAVID DEBOSE, caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

46. As a proximate cause of Defendant, DAVID DEBOSE'S, negligence and/or wantonness, carelessness and unskillfulness, Plaintiff suffered embarrassment, worry, sleeplessness and depression.

WHEREFORE, Plaintiff demands judgment against Defendant, DAVID DEBOSE, for such sums of compensatory and punitive damages as the jury mas assess plus costs.

## **COUNT NINE**

47. Plaintiff realleges paragraphs 1 through 46 and incorporates them as if fully set out herein.

48. Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, whose true identities are otherwise unknown and will be added by amendment when ascertained, acting within the line and scope of his employment as a police officer with the City of Eufaula, and as agent of the City of Eufaula, went to the home of Ella McCray, without a warrant and without probable cause, and carelessly, unskillfully, negligently and/or wantonly, unlawfully arrested Ella McCray, the Plaintiff herein.

49. Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, actively participated in the unlawful arrest of Plaintiff and had knowledge of the facts relating to the wrongful arrest of Plaintiff and failed to take reasonable action to prevent the wrongful arrest of Plaintiff.

50. As a proximate result of Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, negligence and/or wantonness, carelessness and unskillfulness, Plaintiff's civil rights were violated and she was deprived of her rights, privileges and/or immunities secured by the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama.

WHEREFORE, ELLA McCRAY, demands judgment against Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, for such sums of compensatory and punitive damages as the jury may assess plus costs.

## COUNT TEN

51. Plaintiff realleges paragraphs 1 through 50 and incorporates them as if fully set out herein.

52. On or about March 16, 2004, Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, acting within the line and scope of his employment as a police officer with the City of Eufaula, and as agent of the City of Eufaula, went to the home of Ella McCray, without a warrant and

without probable cause, and carelessly, unskillfully, negligently and/or wantonly, unlawfully imprisoned Ella McCray, the Plaintiff herein.

53.     Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, actively participated in the unlawful imprisonment of Plaintiff and had knowledge of the facts relating to the wrongful imprisonment of Plaintiff and failed to take reasonable action to prevent the wrongful imprisonment of Plaintiff.

54.     As a proximate result of Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, negligence and/or wantonness, carelessness and unskillfulness, Plaintiff's civil rights were violated and she was deprived of her rights, privileges and/or immunities secured by the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama.

WHEREFORE, ELLA McCRAY, demands judgment against Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, for such sums of compensatory and punitive damages as the jury may assess plus costs.

### COUNT ELEVEN

55.     Plaintiff realleges paragraphs 1 through 54 and incorporates them as if fully set out herein.

56.     On or about March 16, 2004, Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, acting within the line and scope of his employment as a police officer with the City of Eufaula, Alabama, and as an agent of the City of Eufaula, Alabama, and while having unlawfully arrested and imprisoned Plaintiff, did carelessly, unskillfully, negligently and/or wantonly inflict upon the Plaintiff, extreme emotional distress.

57.     Defendant, EUFAULE POLICE OFFICERS 1, 2, 3, directly inflicted emotional

distress upon the Plaintiff by having knowledge of and participating in the wrongful arrest and imprisonment of the Plaintiff and by failing to take reasonable action to prevent the emotional distress inflicted upon Plaintiff.

58. As a proximate cause of Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, negligence and/or wantonness, carelessness and unskillfulness, Plaintiff suffered embarrassment, worry, sleeplessness and depression.

WHEREFORE, Plaintiff demands judgment against Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, for such sums of compensatory and punitive damages as the jury mas assess plus costs.

## COUNT TWELVE

59. Plaintiff realleges paragraphs 1 through 58 and incorporates them as if fully set out herein.

60. On or about March 16, 2004, Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, acting within the line and scope of his employment as a police officer with the City of Eufaula, Alabama, and as an agent of the City of Eufaula, Alabama, and while having unlawfully arrested and imprisoned Plaintiff, did carelessly, unskillfully, negligently and/or wantonly inflict upon the Plaintiff, extreme emotional distress.

61. Defendant, EUFAULA POLICE OFICERS 1, 2, 3, directly inflicted emotional distress upon the Plaintiff by having knowledge of and participating in the wrongful arrest and imprisonment of the Plaintiff and by failing to take reasonable action to prevent the emotional distress inflicted upon Plaintiff.

62. Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, actions toward Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

63. The emotional distress that Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

64. As a proximate cause of Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, negligence and/or wantonness, carelessness and unskillfulness, Plaintiff suffered embarrassment, worry, sleeplessness and depression.

WHEREFORE, Plaintiff demands judgment against Defendant, EUFAULA POLICE OFFICERS 1, 2, 3, for such sums of compensatory and punitive damages as the jury may assess plus costs

## COUNT THIRTEEN

65. Plaintiff realleges Plaintiff realleges paragraphs 1 through 64 and incorporates them as if fully set out herein.

66. Defendant, CITY OF EUFAULA, employed Defendants STEVE HANNERS, DAVID DEBOSE and EUFAULA POLICE OFFICERS 1, 2, 3.

67. The negligent, careless and unskilled acts of Defendants, STEVE HANNERS, DAVID DEBOSE, and fictitious Defendants, EUFAULA POLICE OFFICERS 1, 2, 3, were committed while the aforementioned Defendants were employed by the City of Eufaula and the Eufaula Police Department and acting within the line and scope of their employment, their agency and/or their apparent authority with the City of Eufaula.

68. Defendant, CITY OF EUFAULA, negligently supervised and/or trained STEVE HANNERS, DAVID DEBOSE and fictitious Defendant POLICE OFFICERS 1, 2, 3, by negligently failing to require, implement, promulgate or provide adequate policies for its officers to follow in the execution of their duties.

69. As a proximate result of the CITY OF EUFAULA's negligent supervision and/or

training, ELLA McCRAY was unlawfully arrested, unlawfully imprisoned, caused to suffer severe emotional distress, and her civil rights were violated in that she was deprived of her rights, privileges, and/or immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama.

WHEREFORE, Plaintiff demands judgment against the Defendant, CITY OF EUFAULA, for such sums of compensatory and punitive damages as the jury may assess plus costs.

## COUNT FOURTEEN

70. Plaintiff realleges Plaintiff realleges paragraphs 1 through 69 and incorporates them as if fully set out herein.

71. Defendant, STEVE HANNERS, acting outside the scope of his employment with the Eufaula Police Department did unlawfully arrest and imprison Plaintiff or did cause Plaintiff to be unlawfully arrested and imprisoned.

72. As a proximate result of STEVE HANNERS having falsely arrested and Imprisoned Plaintiff, she was caused to suffer embarrassment, humiliation, worry, sleeplessness and depression.

WHEREFORE, Plaintiff demands judgment against Defendant, STEVE HANNERS, for such sums of compensatory and punitive damages as the jury may assess plus costs.

## COUNT FIFTEEN

73. Plaintiff realleges Plaintiff realleges paragraphs 1 through 72 and incorporates them as if fully set out herein.

74. Defendant, DAVID DEBOSE, acting outside the scope of his employment with

the Eufaula Police Department did unlawfully arrest and imprison Plaintiff or did cause Plaintiff to be unlawfully arrested and imprisoned.

75.     As a proximate result of DAVID DEBOSE having falsely arrested and imprisoned Plaintiff, she was caused to suffer embarrassment, humiliation, worry, sleeplessness and depression.

WHEREFORE, Plaintiff demands judgment against Defendant, DAVID DEBOSE, for such sums of compensatory and punitive damages as the jury may assess plus costs.

RESPECTFULLY SUBMITTED this the 17th day of May, 2006.

/s/Benjamin E. Meredith
Benjamin E. Meredith(MER015)
Attorney for Plaintiff
707 West Main Street
Dothan, Alabama 36301
(334) 671-0289

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

/s/Benjamin E. Meredith
Benjamin E. Meredith(MER015)
Attorney for Plaintiff
707 West Main Street
Dothan, Alabama 36301
(334) 671-0289

## CERTIFICATE OF SERVICE

I, Benjamin E. Meredith, certify that on May 17, 2006, I electronically served a copy of this document upon:

James H. Pike
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302-6346

Alyce S. Robertson
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

/s/Benjamin E. Meredith
Benjamin E. Meredith(MER015)
Attorney for Plaintiff
707 West Main Street
Dothan, Alabama 36301
(334) 671-0289