IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ELLA JANE McCRAY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case Number 2:06-cv-309-MHT |
| | ) |
| **CITY OF EUFAULA, ALABAMA,** | ) |
| **STEVE HANNERS, and DAVID** | ) |
| **DUBOSE,** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AMENDED
COMPLAINT AND TO DISMISS ACTION WITH PREJUDICE**

    Defendants the City of Eufaula, Alabama, Steve Hanners, and David Dubose submit this Memorandum in support of their motion to strike the plaintiff's amended complaint and to dismiss this action with prejudice. This motion is based upon Federal Rules of Civil Procedure 12(e) and 41(b). The plaintiff has violated three court orders.

### I. STATEMENT OF THE CASE

    This action arose from plaintiff Ella Jane McCray's arrest for possession of marijuana on March 16, 2004. (See Compl. at 2, ¶ 5, and at 3, ¶ 9.) McCray filed suit in the Circuit Court of Barbour County, Alabama, on March 7, 2006. (See Compl. at 1.) On April 5, 2005, the defendants removed the suit to this Court. (See Doc. 3.)

On April 10, 2006, the defendants filed a motion for more definite statement and to strike, along with a supporting memorandum. (See Docs. 1 and 2.)

### A. Pleading Defects

In their memorandum, the defendants identified six defects in the original complaint: (1) each count improperly incorporates by reference all of the preceding paragraphs; (2) each count includes multiple claims, none of which is stated succinctly; (3) the complaint does not identify the specific constitutional right allegedly violated; (4) the complaint unnecessarily duplicates claims; (5) the complaint includes improper fictitious party claims; and (6) the complaint improperly claims punitive damages from a municipality. (See Doc. 2 at 2-3.)

The defendants provided citations of authority for each defect. (See Doc. 2.) The defendants also identified specific examples of the defects. (See Doc. 2.)

### B. Judicial Relief Ordered

On April 26, 2006, Judge McPherson granted the motion for more definite statement. (See Doc. 7 at 1.) She ordered the plaintiff to amend her complaint and to adhere to the following requirements:

1. File an amended complaint "on or before 5 May 2006." (Doc. 7 at 1.)

2. "[F]ile an Amended Complaint which sets forth her allegations clearly, without duplication, with each count specifically and separately designated with a cause of action." (Doc. 7 at 1-2.)

3.  "In each separate cause of action, the plaintiff shall separate her state law claims from her federal claims." (Doc. 7 at 2.)

4.  "Each count shall be numbered and labeled in the title with the state law or federal claim." (Doc. 7 at 2, ¶ 1.)

5.  "Each count shall include the names of the individual(s) whom the plaintiff claims violated her federal statutory or constitutional rights, the actions which violated the rights, and the specific rights violated." (Doc. 7 at 2, ¶ 2.)

6.  "At the conclusion of the listing of counts, the complaint shall set forth the specific relief that the plaintiff seeks against each defendant, that is, the precise action that the plaintiff wishes for the court to take against each defendant in response to his complaint. The plaintiff shall set forth separately injunctive and monetary relief." (Doc. 7 at 2, ¶ 3.)

Judge McPherson supplemented her first order with a second order for the plaintiff "to refrain from listing any fictitious defendants." (Doc. 8 at 1.)

The following day, Judge McPherson amended the second order to set a deadline of "on or before 20 May 2006" for the plaintiff to identify all defendants by name. (Doc. 9 at 1.)

As explained below, the plaintiff has violated all three orders.

### C. Appropriate Relief

Federal Rules of Civil Procedure 12(e) and 41(b) govern this motion. Rule 12(e) states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the detail desired. ***If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the***

> *pleading to which the motion was directed or make such order as it deems just.*

Fed. R. Civ. P. 12(e) (emphasis added).

Rule 41(b) states:

> ***For failure to the plaintiff*** *to prosecute or* ***to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.*** Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b) (emphasis added).

Pursuant to Rules 12(e) and 41(b), the defendants move to strike the amended complaint and to dismiss this action with prejudice.

## II. ANALYSIS

As explained below, the plaintiff violated all three of Judge McPherson's orders.

### A. The First Order (Doc. 7)

The plaintiff violated each provision of Judge McPherson's first order of April 26, 2006. (See Doc. 7.)

1. Item One: The Court's Deadline

Judge McPherson ordered the plaintiff to file her amended complaint "on or before 5 May 2006." (Doc. 7 at 1.) The plaintiff did not file her amended complaint until May 19, 2006. (See Doc. 11.)

The plaintiff never sought an enlargement of time pursuant to Rule 6(b). Two weeks after Judge McPherson's deadline, the plaintiff belatedly filed her amended complaint without leave of court and without a showing of excusable neglect. See Fed. R. Civ. P. 6(b)(2).

The plaintiff did not meet Judge McPherson's deadline and did not follow the procedure to obtain an extension of time. Accordingly, her amended complaint should be struck.

2. Item Two: Order to Plead Clearly

Judge McPherson ordered the plaintiff to file a pleading "which sets forth her allegations clearly, without duplication, with each count specifically and separately designated with a cause of action." (Doc. 7 at 1-2.)

The plaintiff did not clarify or rewrite a single sentence in her complaint. She resubmitted the same complaint. The only changes were (1) she deleted the fictitious defendants from the caption, but not the body, of the complaint, (2) she deleted the last count, Count Sixteen, and (3) she changed the title to "Amended Complaint." (See Doc. 11 at 1, 15.)

To be clear, the plaintiff had specific notice of the defects that she should have corrected. The defendants provided a detailed analysis of the defects in

5

their memorandum.  (See Doc. 2.)  The memorandum explained how the complaint was defective, provided legal citations for why the defects are impermissible, and identified specific examples of the defects from the complaint itself.  (See Doc. 2.)  In her order, Judge McPherson also provided an example of a defect.  (See Doc. 7 at 1, ¶ 3.)

In spite of Judge McPherson's order and the defendants' memorandum, the plaintiff did not correct any of the defects.  The plaintiff did not even correct the defect Judge McPherson used as an example on the first page of her order.  (See Doc. 7 at 1, ¶ 3.)

### 3.  Item Three: Order to Separate State and Federal Claims

Judge McPherson ordered the plaintiff, "In each separate cause of action, the plaintiff shall separate her state law claims from her federal claims."  (Doc. 7 at 2.)  The plaintiff violated this order.

In their memorandum, the defendants quoted Paragraph 14 as an example of improperly merging state and federal claims: "As a proximate result of Defendant, Steve Hanners', negligence and/or wantonness, carelessness and unskillfulness, Plaintiff's civil rights were violated and she was deprived of her rights, privileges and/or immunities secured by the Constitution of the United States, 42 USC Section 1983, and the Constitution of the State of Alabama."  (Doc. 2 at 5.)

Judge McPherson used an identical paragraph as an example on the first page of her order.  (See Doc. 7 at 1, ¶ 3.)

6

The plaintiff resubmitted the same paragraphs verbatim in her amended complaint. (See Doc. 11 at 33, ¶¶ 14, 18.) Paragraphs 32, 36, 50, 54, and 69 contain the same defects. (See Doc. 11.)

The plaintiff did not rewrite any portion of her complaint – not even the paragraphs used by Judge McPherson and the defendants as examples of defective pleading.

### 4. Item Four: Order to Label Counts

Judge McPherson's order states, "Each count shall be numbered and ***labeled in the title with the state law or federal claim***." (Doc. 7 at 2, ¶ 1 (emphasis added).) The plaintiff did not label any of her counts.

Presumably Judge McPherson ordered the plaintiff to label her counts as a means to require the plaintiff to limit each count to a single claim. See Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996) ("Separate, discrete causes of action should be pled in separate counts."). As discussed above, the complaint improperly merges common law claims, unspecified state constitutional claims, and unspecified federal constitutional claims. (See, e.g., Compl. ¶¶ 14, 18.)

The plaintiff resubmitted Counts One to Fifteen verbatim – without labels.

5. Item Five: Order to Identify Specific Rights

Judge McPherson's order states, "Each count shall include the names of the individual(s) whom the plaintiff claims violated her federal statutory or constitutional rights, the actions which violated the rights, and ***the specific rights violated***." (Doc. 7 at 2, ¶ 2 (emphasis added).)

The defendants provided a specific example of this defect in their memorandum: "Paragraph 14 does not identify which federal or state constitutional right Officer Hanners allegedly violated." (Doc. 2 at 6.)

Judge McPherson used Paragraph 18 as an example: "It is altogether unclear whether the plaintiff intended to state in Count Two a cause of action for (1) violation of the Fourth Amendment, (2) violation of the Fifth Amendment, (3) negligence, (4) wantonness, or all four." (Doc. 7 at 1, ¶ 3.)

Despite Judge McPherson's use of Paragraph 18 and the defendants' use of Paragraph 14 as examples, the plaintiff resubmitted both paragraphs verbatim. (See Doc. 11.)  Paragraphs 32, 36, 50, 54, and 69 share the same defects.  (See Doc. 11.)

Item Six: Order to Specify Relief Sought

Judge McPherson's order states, "At the conclusion of the listing of counts, the complaint shall set forth the specific relief that the plaintiff seeks against each defendant, that is, the precise action that the plaintiff wishes for the court to take against each defendant in response to his complaint.  The plaintiff shall set forth separately injunctive and monetary relief." (Doc. 7 at 2, ¶ 3.)

In spite of Judge McPherson's order, the plaintiff resubmitted the same ad damnum clauses in the amended complaint. (See Doc. 11.)

### B. The Second Order (Doc. 8)

Judge McPherson issued a second order on April 26, 2006. It required the plaintiff to "name all defendants in her Amended Complaint and to refrain from listing any fictitious defendants." (Doc. 8 at 1.) The plaintiff also violated this order.

Counts Nine, Ten, Eleven, Twelve, and Thirteen still assert fictitious party claims. (See Doc. 11 at 9-14.) The plaintiff resubmitted those counts verbatim.

Judge McPherson's order clearly required the plaintiff "to refrain from listing any fictitious defendants." (Doc. 8 at 1.) The plaintiff resubmitted five counts in violation of that order.

### C. The Third Order (Doc. 9)

On April 27, 2006, Judge McPherson amended her second April 26 order. (Se Doc. 9.) The amended order allowed the plaintiff until May 20, 2006, to name all defendants in her amended complaint. (Doc. 9 at 1.)

The plaintiff failed to name all defendants before the May 20 deadline. She allowed the fictitious party claims to remain in the amended complaint.

## III. APPROPRIATE REMEDY

The United States Court of Appeals for the Eleventh Circuit explained the standard for dismissal under Rule 41(b) in Goforth v. Owens:

> A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule. Fed. R. Civ. P. 41(b). The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Id.; Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980). Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.

Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

In this case, the plaintiff violated three court orders. She filed the amended complaint two weeks late and without leave of court. She did not clarify or rewrite a single sentence in her complaint – even those sentences singled out as defective by Judge McPherson and the defendants. She re-filed fictitious party claims, despite a direct order to refrain from doing so.

In light of these violations, the defendants contend that dismissal is the only appropriate remedy.

## IV. CONCLUSION

For the foregoing reasons, the defendants move to strike the amended complaint (Doc. 11) and to dismiss this action with prejudice.

**/s/ James H. Pike**
James H. Pike  (PIK003)
Attorney for Defendants Steve Hanners and the City of Eufaula, Alabama

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@cobb-shealy.com

**/s/ Alyce S. Robertson**
Alyce S. Robertson  (ROB102)
Attorney for Defendant David Dubose

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, Alabama  36130
Tel. (334) 242-7554
Fax (334) 242-2433
E-mail arobertson@ago.state.al.us

**CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on May 22, 2006, I electronically served a copy of this document upon:

Benjamin E. Meredith
707 West Main Street
Dothan, Alabama  36301

                                                   **/s/ James H. Pike**
                                                   James H. Pike