IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLA JANE McCRAY, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| VS. | *  Case Number: 2:06-cv-309-MHT |
| | * |
| CITY OF EUFAULA, ALABAMA, | * |
| STEVE HANNERS, and DAVID | * |
| DEBOSE, | * |
| | * |
| DEFENDANTS. | * |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION
TO DISMISS ACTION WITH PREJUDICE
AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW the Plaintiff, ELLA JANE McCRAY, by and through her undersigned counsel and objects to Defendant's Motion to Dismiss with Prejudice. Plaintiff's objection is based upon Federal Rules of Civil Procedure 41(b). A supporting memorandum is filed in support of Plaintiff's objection.

RESPECTFULLY SUBMITTED this the 5th day of June, 2006.

/s/Benjamin E. Meredith
Benjamin E. Meredith(MER015)
Attorney for Plaintiff
707 West Main Street
Dothan, Alabama 36301
(334) 671-0289

## CERTIFICATE OF SERVICE

    I, Benjamin E. Meredith, certify that on May 19, 2006, I electronically served a copy of this document upon:

James H. Pike
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302-6346

and

Alyce S. Robertson
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

                                      s/Benjamin E. Meredith
                                      Benjamin E. Meredith(MER015)
                                      Attorney for Plaintiff
                                      707 West Main Street
                                      Dothan, Alabama 36301
                                      (334) 671-0289

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLA JANE McCRAY, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| VS. | *   Case Number: 2:06-cv-309-MHT |
| | * |
| CITY OF EUFAULA, ALABAMA, | * |
| STEVE HANNERS, and DAVID | * |
| DEBOSE, | * |
| | * |
| DEFENDANTS. | * |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS ACTION WITH PREJUDICE**

COMES NOW the Plaintiff, ELLA McCRAY, by and through her undersigned counsel and submits this Memorandum in Support of her Objection to Defendant's Motion to Dismiss Action with Prejudice.

**ARGUMENT**

On April 26, 2006, Judge McPherson granted the Defendant's motion for more definite statement and ordered that the plaintiff amend her complaint and adhere to certain requirements and correct certain defects "on or before May 5, 2006." (Doc. 7). However, counsel for the Plaintiff did not receive this Order via e-mail. Additionally, the Order was not received at his alternate e-mail address on file with the court. This counsel first learned of this Order on May 22, 2006 when he received the Defendant's Motion to Strike Amended Complaint and Motion to Dismiss Action with Prejudice. Counsel for Plaintiff has no explanation for his failure to receive the Court's Order via e-mail. However, this counsel did not and would not intentionally violate the Honorable Court's Orders.

On April 26, 2006, Judge McPherson entered an order directing the plaintiff "to refrain from listing any fictitious defendants." (Doc. 8 at 1). In said order, Judge McPherson failed to include a deadline and amended that order to reflect a May 20, 2006 deadline for plaintiff to identify all defendants by name. The omission of a deadline date from said order was brought to the court's attention by counsel for the plaintiff in an attempt to insure that there was clarity on all deadlines and that these deadlines were met.

The Plaintiff complied with the Honorable Court's deadline and filed her Amended Complaint on May 19, 2006. In filing her Amended Complaint, counsel for Plaintiff encountered several technical problems in converting the document to PDF form in order to file same. Apparently, in the confusion and frustration of converting this document, a previous version of the amended complaint was converted and submitted.

Counsel for plaintiff has corrected the deficiencies complained of by the Defendants by pleading her allegations clearly and separately, by numbering and labeling each count, specifying the relief sought, and naming all defendants without listing fictitious parties. The corrections are reflected in Plaintiff's Second Amended Complaint filed contemporaneously herewith.

## APPROPRIATE REMEDY

Defendants argue that the Plaintiff has violated the orders of the court and that dismissal is the "only appropriate remedy." (Doc 14 at III). This is simply not true. In McIntosh v. Gauthier, 2006 WL 1342305 (C.A.L. (Fla.)) (11th Cir. 2006), the United States Court of Appeals for the Eleventh Circuit explained that dismissal with prejudice is a last resort and stated as follows:

> "Dismissal of a case with prejudice under Rule 41(b) is a sanction of last resort, applicable only in extreme circumstances. Id. Simple negligence does not warrant dismissal McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986). Rather, '[d]ismissal is appropriate where there is a clear record of

'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice.' Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999)."

Additionally, the United States Court of Appeals for the Eleventh Circuit stated as follows in Betty K. Agencies, Ltd. V. M/V Monada, 432 F.3d 1333 (11th Cir. 2005)"

"….("The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.") (internal quotation marks omitted); Boazman, 537 F.2d at 212 ("[D]ismissal with prejudice is such a severe sanction that it is to be used *only* in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice…") (emphasis added) (internal citations and quotation marks omitted). As we held in Mingo v. Sugar Cane Growers Co-op of Florida, findings satisfying both prongs of Our standard are *essential* before dismissal with prejudice is appropriate. 864 F.2d 101, 102-103 (11th Cir. 1989)…..We rigidly require the district courts to make these findings precisely "[b]ecause the sanction of dismissal with prejudice is so unsparing," Mingo, 864 F.2d at 103, and we strive to afford a litigant his or her day in court, if possible. Flaska v. Little River Marine Constr. Co., 389 F.2d 885, 888 (5th Cir.1968) (recognizing the "importance, except in the most flagrant circumstances, of resorting to sanctions that do not deprive the litigant of his day in court".)…"

As reflected in the record, there have been no prior incidents of the plaintiff being disobedient, refusing to comply with court orders, or exhibiting disrespectful behavior. Accordingly, an isolated, unintentional incident of noncompliance with the court's order does not justify a dismissal of the Plaintiff's case.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Defendant's Motion to Strike Amended Complaint and to Dismiss Action with Prejudice be denied.

RESPECTFULLY SUBMITTED this the 5th day of June, 2006.

/s/Benjamin E. Meredith  
Benjamin E. Meredith(MER015)  
Attorney for Plaintiff  
707 West Main Street  
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

      I, Benjamin E. Meredith, certify that on May 19, 2006, I electronically served a copy of this document upon:

James H. Pike
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302-6346

and

Alyce S. Robertson
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

                                              s/Benjamin E. Meredith_____
                                              Benjamin E. Meredith(MER015)
                                              Attorney for Plaintiff
                                              707 West Main Street
                                              Dothan, Alabama 36301
                                              (334) 671-0289