IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLA JANE McCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number 2:06-cv-309-MHT |
| ) | |
| CITY OF EUFAULA, ALABAMA, ) | |
| STEVE HANNERS, and DAVID ) | |
| DUBOSE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants the City of Eufaula, Alabama, Steve Hanners, and David Dubose submit this memorandum in support of their motion to dismiss.

Defendants Hanners and Dubose assert the defense of qualified immunity for all claims against them. The Second Amended Complaint fails to state a claim upon which relief can be granted against any defendant.

## I. INTRODUCTION

This action arose from the plaintiff's arrest for possession of marijuana on March 16, 2004. (See Doc. 19 at 2-3, ¶¶ 6, 10.) The plaintiff brought this action under 42 U.S.C. § 1983 alleging violations of her due process and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution. (See Doc. 19 at 3-6, ¶¶16-17 and 23.)

The defendants are Investigator Steve Hanners of the Eufaula Police Department, Investigator David Dubose of the Barbour County District Attorney's Office, and the City of Eufaula.

1

This action was filed in the Circuit Court of Barbour County on March 8, 2006. The defendants jointly removed it to this Court on April 5, 2006, based on federal question and civil rights jurisdiction. See 28. U.S.C. §§ 1441(b), 1443. The Court has subject matter jurisdiction on both grounds. See 28 U.S.C. §§ 1331, 1343.

The Second Amended Complaint does not state a claim against any defendant upon which relief can be granted. Investigators Hanners and Dubose are entitled to qualified immunity, and all of the defendants are entitled to dismissal with prejudice.[1]

## II. QUALIFIED IMMUNITY

Investigators Hanners and Dubose are entitled to qualified immunity from the claims against them.

### A. *Qualified Immunity Standard*

"Government officials sued for acts committed in the course of their official duties may invoke the defense of qualified immunity." O'Rourke v. Hayes, 378 F.3d 1201, 1205 (11th Cir. 2004).

"The purpose of qualified immunity is to ensure that officials are not deterred or distracted from carrying out their official duties because of fear of a

---

[1] The Second Amended Complaint is not properly pending. The plaintiff filed it without leave of court, having already exhausted her one amendment of right. See Fed. R. Civ. P. 15(a). The defendants filed an objection and motion to strike, which are still pending. (See Doc. 23.)
 Because of the approaching dispositive motion deadline, (see Doc. 21 at 2, § 2), the defendants have filed their motion to dismiss as if the Court had granted the plaintiff leave to file the Second Amended Complaint.
 The defendants have treated the Second Amended Complaint as the plaintiff's final pleading. The deadline to amend pleadings expired seven months ago. (See Doc. 21 at 2, § 4.)

2

later lawsuit." Robinson v. Arrugueta, 415 F.3d 1252, 1257 n.5 (11th Cir. 2005).

"The qualified immunity inquiry involves three steps: (1) the alleged conduct must fall within the scope of the discretionary authority of the actor; (2) if it does, we must then determine whether that conduct violates a constitutional right; (3) if so, we must inquire whether the asserted right was clearly established at the time of the alleged violation." Tinker v. Beasley, 429 F.3d 1324, 1326 (11th Cir. 2005).

### B.  *Discretionary Function Shown In The Complaint*

"To determine whether an official was engaged in a discretionary function, we consider whether the acts the official undertook 'are of a type that fell within the employee's job responsibilities.'" Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004) (quoting Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004)).

The Second Amended Complaint alleges that Investigators Hanners and Dubose "were police officers employed by the City of Eufaula at all times relevant to this Complaint."[2]  (Doc. 19 at 2, ¶ 5.)  It further alleges that they "were acting under the direction and control of the Defendant City of Eufaula." (Doc. 19 at 5, ¶ 19.)  Finally, it alleges that, in their capacity as police officers, Investigators Hanners and Dubose arrested the plaintiff for possession of marijuana.  (See Doc. 19 at 3, ¶ 10.)

---

[2]    Investigator Dubose was actually employed by the Barbour County District Attorney's Office, but that error does not affect the outcome of this motion.  He was a certified law enforcement officer with full powers of arrest.

3

These allegations show that, during the arrest, Investigators Hanners and Dubose were engaged in a discretionary function within the scope of their law enforcement duties.

### C. *The Burden Shifts: Plaintiff Must Allege A Violation Of A Clearly Established Constitutional Right*

"Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity." Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004).

"When qualified immunity is asserted in the context of a motion to dismiss, we look to the pleadings to see if the plaintiff has successfully alleged the violation of a clearly established right." O'Rourke v. Hayes, 378 F.3d 1201, 1206 (11th Cir. 2004).

"The plaintiff is the master of the complaint. The plaintiff selects the claims that will be alleged in the complaint." United States v. Jones, 125 F.3d 1418, 1428 (11th Cir. 1997). "A court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for her." Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

A district court may not properly infer claims that the plaintiff herself has not pled. See GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1364 and 1367-69 (11th Cir. 1998) (holding district court erred by inferring equal protection claim from complaint's recitation of events).

"The motion to dismiss will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'" St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (quoting Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001)).

In this case, the Second Amended Complaint only alleges violations of the plaintiff's Fifth and Fourteenth Amendment due process and equal protection rights. (See Doc. 19 at 3-6, ¶¶ 16-17 and 23.)

"The burden of showing that an officer violated clearly established law falls on the plaintiff, and a plaintiff's citation of general rules or abstract rights is insufficient to strip a § 1983 defendant of his qualified immunity." Jackson v. Sauls, 206 F.3d 1156, 1165 (11th Cir. 2000).

As explained below, the Second Amended Complaint does not allege conduct that, if proven, would violate clearly established rights under the Fifth or Fourteenth Amendments. Investigators Hanners and Dubose are entitled to qualified immunity.

### 1. Fifth Amendment Due Process Clause Only Applies To The Federal Government

Count I alleges that Investigators Hanners and Dubose violated the Fifth Amendment guarantees of due process and equal protection of the laws. (See Doc. 19 at 4, ¶¶ 16-17.)

The Fifth Amendment states:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, *nor be deprived of life, liberty, or property, without due process of law;* nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V (emphasis added).

### *(a) Fifth Amendment Due Process Clause Only Applies To Claims Against The Federal Government*

The Fifth Amendment's Due Process Clause only applies to claims against the federal government. See Strickland v. City of Dothan, 399 F. Supp.2d 1275, 1284 (M.D. Ala. 2005) (Thompson, J.) ("The Fifth Amendment's Due Process Clause applies only to the federal government.").

The Second Amended Complaint alleges that the City of Eufaula is a municipal corporation located in Barbour County, Alabama, and that Investigators Hanners and Dubose were employees of the City. (See Doc. 19 at 1-2, ¶ 4-5.)

Because it is undisputed that neither the City nor the investigators were federal actors, the Fifth Amendment Due Process Clause does not apply. See Green v. Freeman, 434 F. Supp.2d 1172, 1176 (M.D. Ala. 2005) (Thompson, J.) (holding Fifth Amendment Due Process Clause does not apply to claims against municipality and its police officer).

The Fifth Amendment due process claim should be dismissed with prejudice.

### *(b)   Fifth Amendment Equal Protection Component Only Applies To Claims Against The Federal Government*

Count I also asserts an equal protection claim under the Fifth Amendment. (See Doc. 19 at 4, ¶¶ 16-17.)

The Fifth Amendment does not contain an explicit equal protection clause. See Bolling v. Sharpe, 347 U.S. 497, 499 (1954) ("The Fifth Amendment … does not contain an equal protection clause as does the Fourteenth Amendment which applies only to the states.").

The Supreme Court has recognized an equal protection *component* to the Fifth Amendment's Due Process Clause. See Bolling v. Sharpe, 347 U.S. 497, 499 (1954) (recognizing equal protection component to Fifth Amendment Due Process Clause).

However, the Fifth Amendment Due Process Clause only applies to the federal government. See Strickland v. City of Dothan, 399 F. Supp.2d 1275, 1284 (M.D. Ala. 2005) (Thompson, J.) ("The Fifth Amendment's Due Process Clause applies only to the federal government.").

The claim based on the equal protection component to the Fifth Amendment Due Process Clause should be dismissed with prejudice.

### *2. Fourteenth Amendment Does Not Apply To Allegations of Arrest Without Probable Cause*

Count I also asserts claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses. (See Doc. 19 at 4, ¶¶ 16-17.) Section I of the Fourteenth Amendment states:

7

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

U.S. Const. amend. XIV, § 1 (emphasis added).

As discussed below, the Fourteenth Amendment Due Process and Equal Protection Clauses do not apply to allegations of arrest without probable cause.

Further, the Second Amended Complaint does not make any factual allegations of disparate treatment or racial animus, which would be required to state an equal protection claim for selective enforcement of the laws.

### *(a) Fourteenth Amendment Due Process Clause Does Not Apply To Allegations Of Arrest Without Probable Cause*

In <u>Albright v. Oliver</u>, 510 U.S. 266 (1994), the Supreme Court affirmed the district court's dismissal of a Fourteenth Amendment due process claim that was based upon allegations of arrest without probable cause. The plaintiff's claim in <u>Albright</u> was identical to the claim alleged here:

> Petitioner's claim before this Court is a very limited one. He claims that the action of respondents infringed his substantive due process right to be free of prosecution without probable cause. He does not claim that Illinois denied him the procedural due process guaranteed by the Fourteenth Amendment. Nor does he claim a violation of his Fourth Amendment rights, notwithstanding that his surrender to the State's show of authority constituted a seizure for purposes of the Fourth Amendment.

<u>Albright</u>, 510 U.S. at 271.

The Supreme Court emphasized that, "Where a particular Amendment provides an explicit textual source of constitutional protection against a

particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).

In the Supreme Court's view, "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." Albright, 510 U.S. at 274.

The Court held, "We express no view as to whether petitioner's claim would succeed under the Fourth Amendment, since he has not presented that question in this petition for certiorari. We do hold that substantive due process, with its 'scarce and open-ended' 'guideposts,' can afford him no relief." Id. at 275.

Because the Fourth Amendment specifically addresses the requirements for a lawful arrest, it exclusively governs allegations of arrest without probable cause. See Albright, 510 U.S. at 273-75.

Numerous district courts within the Eleventh Circuit, including this one, have dismissed due process claims that were based upon allegations of arrest without probable cause. See Strickland v. City of Dothan, 399 F. Supp.2d 1275, 1284-85 (M.D. Ala. 2005) (Thompson, J.) (holding Due Process Clause does not apply to allegations of arrest without probable cause); see also Hill v. Mull, No. 5:04-cv-329-DF, 2006 WL 3022280, at *5 (M.D. Ga. Oct. 23, 2006) (dismissing due process claim alleging arrest without probable cause); Gerous v. City of Oak Hill, No. 6:05-cv-1837-ORL-28, 2006 WL 2128630, at *5 (M.D.

9

Fla. July 27, 2006) (holding Due Process Clause does not apply to allegations of arrest without probable cause).

In this case, Count I alleges that Investigators Hanners and Dubose violated the plaintiff's Fourteenth Amendment due process right by arresting her without probable cause. (See Doc. 19 at 4, ¶¶ 16-17.) This allegation is indistinguishable from the claim in Albright. The Fourteenth Amendment due process claim should be dismissed with prejudice.

### (b) Fourteenth Amendment Equal Protection Clause Does Not Apply To Allegations Of Arrest Without Probable Cause; No Separate Allegation Of Selective Enforcement

#### i. Equal Protection Clause Does Not Apply To Allegations Of Arrest Without Probable Cause

In Hill v. Mull, the United States District Court for the Middle District of Georgia dismissed a plaintiff's Fourteenth Amendment equal protection claim that was based upon allegations of arrest without probable cause. See Hill v. Mull, No. 5:04-cv-329-DF, 2006 WL 3022280, at *5 (M.D. Ga. Oct. 23, 2006) (dismissing Fourteenth Amendment equal protection claim predicated upon allegations of arrest without probable cause). The district court applied the analysis of Albright v. Oliver, 510 U.S. 266, 273-75 (1994).

Because the Fourth Amendment provides an explicit textual source of protection against arrest without probable cause, it governs such claims exclusively. See Albright v. Oliver, 510 U.S. 266, 273 (1994); see also Graham v. Connor, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more

generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

The Fourteenth Amendment equal protection claim should be dismissed.

### ii. Failure To State A Claim For Selective Enforcement: No Allegations Of Disparate Treatment Or Racial Animus

The Second Amended Complaint does not meet the heightened pleading standard for an equal protection claim based upon discriminatory enforcement of the laws.

Equal protection violations may occur in three circumstances: (1) when "a statute discriminates on its face," (2) when "neutral application of a facially neutral statute has a disparate impact," and (3) when defendants are "unequally administering a facially neutral statute." E & T Realty v. Strickland, 830 F.2d 1107, 1112 (11th Cir. 1987).

The Second Amended Complaint does not even remotely implicate the first and second alternatives.

The Eleventh Circuit has explained the third alternative thusly: "To state an equal protection claim, [a plaintiff] must allege that 'through state action, similarly situated persons have been treated disparately,' and put forth evidence that [the defendants'] actions were motivated by race." Draper v. Reynolds, 369 F.3d 1270, 1278 n.14 (11th Cir. 2004).

Judge DeMent addressed these elements in Urbanique Production v. City of Montgomery: "To prevail on their selective enforcement claim, Plaintiffs must present evidence that individuals of a different race could have been subjected

11

to a search of their premises and/or arrested for the same crime, but were not." 428 F. Supp.2d 1193, 1224 (M.D. Ala. 2006).

In other words, "To state an equal protection claim, Plaintiffs must come forward with evidence that [the police] officers chose not to conduct drug investigations, searches and arrests of Caucasians to whom Plaintiffs are similarly situated." Id.

The Second Amended Complaint does not make any allegations of disparate treatment or racial animus.

"The very essence of an equal protection claim is that a defendant's actions were triggered by discriminatory animus." Kuhn v. Thompson, 304 F. Supp.2d 1313, 1332 (M.D. Ala. 2004) (Fuller, J.).

"When a governmental officer sued individually asserts qualified immunity, … controlling Eleventh Circuit precedent imposes a 'heightened pleading' standard for the complaint instead of Rule 8's minimal notice pleading." Kelly v. Owens, No. 2:05-cv-1150-MHT, 2006 WL 3496652, at *4 (M.D. Ala. Dec. 4, 2006) (Thompson, J.).

"This circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998).

"Under current Eleventh Circuit law, the plaintiff pursuing a § 1983 claim must come forward with specific facts, concerning each defendant,

12

indicating that each defendant has not only violated a constitutional right, but a clearly established one." Edwards v. Alabama Dep't of Corr., 81 F. Supp.2d 1242, 1253 (M.D. Ala. 2000) (Thompson, J.).

Count I does not meet the Eleventh Circuit's heightened pleading standard to overcome qualified immunity. See GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1368 (11th Cir. 1998) ("The heightened pleading requirement is the law of this circuit."). It does not allege disparate treatment or a discriminatory animus. It does not state an equal protection claim.

The Fourteenth Amendment equal protection claim should be dismissed with prejudice. See Kuhn v. Thompson, 304 F. Supp.2d 1313, 1332 (M.D. Ala. 2004) (Fuller, J.) (dismissing equal protection claim because complaint did not allege discriminatory animus).

### III.  MUNICIPAL LIABILITY CLAIM

Count II alleges that the City failed to "instruct, supervise, control, and discipline" Investigators Hanners and Dubose. (Doc. 19 at 5, ¶ 20.) It further claims that the City's alleged failures resulted in the deprivation of Fifth and Fourteenth Amendment rights. (See Doc. 19 at 6, ¶ 23.)

"The Supreme Court has placed strict limitations on municipal liability under § 1983." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

"To impose section 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that

13

constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

Regarding the second and third steps, "It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Board of the County Commr.'s v. Brown, 520 U.S. 397, 404 (1997).

### A. *Absence of Underlying Constitutional Violation*

For the reasons explained in Section II, supra, the municipal liability claim fails because the Second Amended Complaint does not allege an actionable underlying constitutional deprivation. Simply put, it does not allege facts that constitute a violation of the Fifth or Fourteenth Amendments.

Municipal liability will not arise in the absence of an underlying constitutional violation. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.").

Because the Second Amended Complaint has not properly alleged a constitutional violation by the individual officers, the claim against the City should be dismissed with prejudice.

### B. *Failure To Identify Unconstitutional Custom Or Policy*

The Second Amended Complaint also fails to identify an unconstitutional municipal custom or policy.

"We have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Board of the County Commr.'s v. Brown, 520 U.S. 397, 403 (1997).

"The threshold identification of a custom or policy ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. This prevents the imposition of liability based upon an isolated incident. Rather, the incident must result from a demonstrated practice." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (quoting Board of the County Commr.'s v. Brown, 520 U.S. 397, 403-04 (1997)) (internal punctuation and citations omitted).

Count II alleges that the City acted "pursuant to official policy o[r] custom", but does not identify that policy or custom. (Doc. 19 at 5, ¶ 20.)

"A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on

behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997).

"Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Board of the County Commr.'s v. Brown, 520 U.S. 397, 403-04 (1997).

"Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decision maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Board of the County Commr.'s v. Brown, 520 U.S. 397, 404 (1997).

"A custom is a practice that is so settled and permanent that it takes on the force of law." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997).

"To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice." Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986). "Normally random acts or isolated incidents are insufficient to establish a custom or policy." Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986).

There is a complete failure to identify an unconstitutional policy or custom. The City is entitled to dismissal with prejudice on that basis as well.

## IV.  CONCLUSION

The Second Amended Complaint does not state a claim against any defendant upon which relief can be granted.  The individual defendants are entitled to dismissal with prejudice on the basis of qualified immunity.  All of the defendants are entitled to dismissal with prejudice for failure to state a claim upon which relief can be granted.

/s/ James H. Pike
James H. Pike  (PIK003)
Attorney for Defendants the City of Eufaula, Alabama, and Steve Hanners

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@scplaw.us


/s/ Jeffery H. Long
Jeffery H. Long  (LON015)
Attorney for Defendant David Dubose

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, Alabama  36130
Tel. (334) 242-7300
Fax (334) 242-2433
E-mail jlong@ago.state.al.us

## **CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on March 6, 2007, I electronically served a copy of this document upon:

Benjamin E. Meredith
707 West Main Street
Dothan, Alabama  36301

**/s/ James H. Pike**
James H. Pike