## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **ELLA JANE McCRAY,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | * **Case Number 2:06-cv-309-MHT** |
| | * |
| **CITY OF EUFAULA, ALABAMA,** | * |
| **STEVE HANNERS, and DAVID DEBOSE,** | * |
| | * |
| **Defendants.** | * |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

**COMES NOW** the Plaintiff, **ELLA JANE McCRAY,**  by and through her undersigned counsel and respectfully submits that the Defendants' Motion to Dismiss is due to be denied for the following reasons:

**I.**      This action arose from the Defendants' unlawful arrest of the plaintiff on March 16, 2004 and the events that lead up to her arrest.  (See Doc. 19 at 2-4, ¶¶ 6-17). More particularly, the Defendants contacted the Plaintiff via telephone advising her that they were with UPS and had a package to be delivered to her son.  The package in the possession of the Defendants was not addressed to the Plaintiff, or her son, and did not contain  her name or her son's name.   The Defendants arrived at the Plaintiff's home carrying said package, coerced her into signing for same and then arrested her.   (See Doc. 19 at 2-4, ¶¶ 6-17).  The officers' conduct does not entitle them to either discretionary immunity or qualified immunity.

"Discretionary acts have been defined as those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take, and those acts requiring exercise in judgment and choice and involving what is just and proper under the

circumstances.  *Wright v. Wynn*, 682 So.2d 1, 2 (Ala.1996), citing *L.S.B. v. Howard*, 659

So.2d 43 (Ala.1995).  Upon showing that the actor was involved in a discretionary

function, it must then be shown that the conduct violated a constitution right and that the

asserted right was clearly established at the time of the violation.  *Tinker v. Beasley*, 429

F.3d 1324 (11th Cir. 2005).

        "A constitutional right is clearly established if '[t]he contours of the right'
are 'sufficiently clear that a reasonable official would understand that what he is doing
violates that right.' *United States v. Lanier*, 520 U.S. 259, 270 (1997).  'This is not to say
that an official action is protected by qualified immunity unless the very action in
question has been held unlawful…but it is to say that in the light of preexisting law the
unlawfulness must be apparent.' *Anderson v. Creighton*, 483 U.S. 635,640 (1987)
(citation omitted).  When evaluating whether a constitutional right was clearly established
at the time of the alleged constitutional deprivation, the 'salient question…is whether the
state of the law…gave [the officer] fair warning that [his] alleged treatment [of the
plaintiff] was unconstitutional' *Hope v. Pelzer*, 536 U.S. 730 (2002).  This warning can
be provided in three ways.  *Vinyard v. Wilson*, 311 F.3d 1340, 1350-53 (11th Cir. 2002).
First, a federal statute or constitutional provision may in itself 'be specific enough to
establish clearly the law applicable to particular conduct and circumstances and to
overcome qualified immunity, even in the *total absence of case law*.' *Id* at 1350
(emphasis added).  Second, preesixting case law articulating 'broad statements of
principle' that 'are not tied to particularized facts' may provide fair notice that certain
conduct is unconstitutional.  Lastly, if there is no case law articulating a broad holding
that is not tied to particularized facts, then courts look to judicial precedent that is tied to
particularized facts." *Hill v. Mull*, 2006 WL 3022280.

    Upon showing the above, the burden then shifts to the plaintiff to establish that

the defendants acted  fraudulently, in bad faith, or with malice or willfulness, in order to

deny the defendants the immunity from suit otherwise provided them by §6-5-338.

*Wright v. Wynn, supra*.  Also exempted from the coverage of immunity provided by §6-

5-338 is conduct by a police officer that is "so egregious as to amount to willful or

malicious conduct or conduct engaged in bad faith."  *Walker v. Briley*, 140 F.Supp.2d

1249 (11th Cir. 2001) quoting *Couch v. City of Sheffield*, 708 So.2d 144, 153 (Ala.1998).

"A 'malicious' arrest is one that is effected out of  'personal spite' or in a general

disregard of the right consideration of mankind, directed by chance against the individual injured.' *Jenkins v. Blue Moon Cycle, Inc.* 627 S.E.2d 440, 445 (Ga.Ct.App.2006). 'Malice may be inferred if [the] defendant's acts were wanton or were done with a reckless disregard for or in conscious indifference to the rights of the plaintiff.'" *Hill v. Mull*, 2006 WL 3022280.

Quite simply, the officers had a package that contained marijuana and had no idea as to whom or to where it was intended to be delivered. (The package contained neither the Plaintiff's name or address). A fishing expedition ensued which resulted in their contacting the Plaintiff, (because she had the same last name as the name on the package), lying about their identity and the purpose of their call, and making an arrest. These officers didn't know who to arrest and didn't care as long as someone was arrested.

There is no question that the plaintiff had a constitutional right against being entrapped and unlawfully arrested and this right was a clearly established constitutional provision at the time these wrongs were committed. Additionally, there is no question that the Defendants' behavior was malicious. Accordingly, the Defendants, Steve Hanners and David Debose are not entitled to discretionary immunity or qualified immunity.

**II.**    "It is apparent from our decisions that there exists a variety of interests which are difficult of definition but are nevertheless comprehended within the meaning of either 'liberty' or 'property' as meant in the Due Process Clause. These interests attain this constitutional status by virtue of the fact that they have been initially recognized and protected by state law, and we have repeatedly ruled that the procedural guarantees of the Fourteenth Amendment apply whenever the State seeks to remove or significantly alter

that protected status.  *Bell v. Burson* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971),

for example, the State by issuing drivers' license recognized in its citizens a right to

operate a vehicle on the highways of the State.  The Court held that the State could not

withdraw this right without giving petitioner due process.  In *Morrissey v. Brewer*, 408

U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the State afforded parolees the right to

remain at liberty as long as the conditions of their parole were not violated.  Before the

State could alter the status of a parolee because of alleged violations of these conditions,

we held that the Fourteenth Amendment's guarantee of due process of law required

certain procedural safeguards.  There are other interests, of course, protected not by virtue

of their recognition by the law of a particular State but because they are guaranteed in one

of the provisions of the Bill of Rights which has been "incorporated" into the Fourteenth

Amendment.  *Section 1983* makes a deprivation of such rights actionable independently

of state law.  See *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)."

*Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

      The Defendants rely on *Albright v. Oliver*, 510 U.S. 266 (1994), and various other

cases, in making their arguments regarding Plaintiff's Fourteenth Amendment claim.

The Defendants' primary argument  is that  these cases are "identical" to the case at hand.

This is simply not true.  *Albright*, as well as the other cases mentioned by the Defendants,

involves arrests being made after an arrest warrant was obtained or a police officer

actually witnessed a crime being committed.  In the case at hand, neither an arrest

warrant had been obtained, nor had the officers witnessed anything to make them believe

that the Plaintiff had committed a crime.  The Defendants, Steve Hanners and David

Debose placed the Plaintiff in  a situation over which she had no control, i.e., calling her

and insinuating that they were with a delivery service, lying about a package to be delivered to Plaintiff's son and then arresting her for accepting the package. This case revolves around the Defendant officers' actions subsequent to and following Plaintiff's arrest, not just an arrest without probable cause.

Accordingly, Plaintiff's Fourteenth Amendment claim should not be dismissed.

**III.**    The Defendants have filed a motion to dismiss based upon Rule 12(b)(6) (failure to state a claim). The legal standards to be followed when examining a motion to dismiss for failure to state a claim are as follows:

"A court may not dismiss a complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.' *Barnett v. Centoni*, 31 F.3d 813, 813 (9th Cir.1994) (citing *Buckley v. County of Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992)); see *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Parks Sch. Of Bus. Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *W. Mining Council v. Watt*, 643 f.2d 618, 624 (9th Cir. 1981). The federal rules require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting *Fed.R.Civ.P. 8(a)*). 'The *Rule 8* standard contains a powerful presumption against rejecting pleadings for failure to state a claim.' *Id* at 249 (quotation marks omitted. 'All that is required are sufficient allegations to put defendants fairly on notice of the claims against them.' *McKeever v. Block*, 932 F.2d 795, 798 (9thCir.1991) (citing *Conley*, 355 U.S. at 47, 78 S.Ct. 99; 5 C. Wright & A. Miller, Federal Practice & Procedure §1202 (2d ed. 1990)). Indeed though " 'it may appear on the fact of the pleadings that a recovery is very remote and unlikely[,]…that is not the test.'" *Gilligan*, 108 F.3d at 249 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). " 'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id*. When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996); see *Miree v. Dekalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed. 557 (1977). In addition, the district court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.,* 37 F.2d 517, 521 (9th Cir. 1994), cert denied, 515 U.S. 1173, 115 S.Ct. 2640, 132 L.Ed.2d 878 (1995) (citations omitted)." *McGrath v. Scott* 250 F.Supp.2d 1218. (2003).

Moreover, under Rule 8, the threshold is 'exceedingly low' for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

The Defendants also allege that the Plaintiff's Complaint is subject to the "heightened pleading requirement".   However, in *Leatherman v. Tarrant County*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993),  "the Supreme Court unanimously rejected a heightened pleading requirement for federal court §1983 municipal liability claims.  The decision excuses plaintiffs from pleading specific evidentiary facts that they might not be able to obtain prior to discovery due to exclusive municipality control.  This Court finds reasonable the explanation of this legal principle set forth by Judge Pratt of the Second Circuit.:

> When commencing a suit of this type neither the plaintiff nor his attorney is likely to know much about the relevant internal operations of the police department, nor about the disciplinary history and record of the particular police officers involved.  In view of the strong policies favoring suits protecting the constitutional rights of citizens, we think it would be inappropriate to require plaintiffs and their attorneys before commencing suit to obtain the detailed information needed to prove a pattern of supervisory misconduct in the form of inadequate training, improper policies, and toleration of unconstitutional actions by individual police officers….

> This Court finds that it must apply pleading standards in a realistic, common-sense fashion that recognizes that at the pleading stage (i.e. prior to discovery occurring) a plaintiff frequently lacks the actual details concerning supervisors' interactions with employees accused of committing constitutional violations."  *McGrath v. Scott* 250 F.Supp.2d 1218.

Additionally, in *Leatherman, supra*, the Court  further stated: "The phenomenon of litigation against municipal corporations based on claimed constitutional violations by their employees dates from our decision in *Monell, supra*, where we for the first time construed §1983 to allow such municipal liability.  Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under §1983 might be subjected to the

added specificity requirement of <u>Rule 9(b)</u>.  But that is a result which must be obtained by the process of amending the Federal Rules, and not be judicial interpretation.  In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.

The Plaintiff has adequately stated a claim in conformity with <u>Fed.R.Civ.P., Rule 8</u> and the Defendants' Motion to Dismiss should be denied.

**Respectfully submitted** this the 22nd day of March, 2007.

/s/  Benjamin E. Meredith
Benjamin E. Meredith(MER015)
Attorney for Plaintiff
707 West Main Street
Dothan, Alabama 36301
(334) 671-0289

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2007, I electronically served a copy of this document upon:

| James H. Pike | Jeffery H. Long |
|---|---|
| Shealy, Crum & Pike, P.C. | Office of the Attorney General |
| Post Office Box 6346 | 11 South Union Street |
| Dothan, Alabama 36302 | Montgomery, Alabama 36130 |

/s/Benjamin E. Meredith
Benjamin E. Meredith(MER015
Attorney for Plaintiff
