IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLA JANE McCRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 2:06-cv-309-MHT |
| | ) |
| CITY OF EUFAULA, ALABAMA, | ) |
| STEVE HANNERS, and DAVID | ) |
| DUBOSE, | ) |
| | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants the City of Eufaula, Alabama, Steve Hanners, and David Dubose submit this reply in support of their motion to dismiss.

### I. INTRODUCTION

In her response brief, the plaintiff abandoned all of her claims but one – the Fourteenth Amendment due process claim.

This reply:

(A) Points out that the plaintiff has abandoned her Fifth Amendment due process and equal protection claims, her Fourteenth Amendment equal protection claim, and her § 1983 municipal liability claim;

(B) Explains that a Fourteenth Amendment due process claim is not actionable under the plaintiff's alleged facts;

(C) Explains that the plaintiff's brief confuses state law immunity with federal qualified immunity, and that the plaintiff has not met her burden to overcome qualified immunity; and

(D) Discusses how the plaintiff's brief misapprehends the heightened pleading requirement.

Based on Rule 12(b)(6) and the doctrine of qualified immunity, the defendants respectfully ask the Court to dismiss all claims with prejudice.

## II.  ANALYSIS

### A. *The Plaintiff Abandoned Her Fifth Amendment Due Process and Equal Protection Claims, Her Fourteenth Amendment Equal Protection Claim, and Her § 1983 Municipal Liability Claim.*

The plaintiff's response does not argue her Fifth Amendment due process and equal protection claims, her Fourteenth Amendment equal protection claim, or her § 1983 municipal liability claim.  She has abandoned those claims.  See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) ("failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned"); Glidewell v. Town of Gantt, 176 F. Supp.2d 1263, 1266 (M.D. Ala. 2001) (Albritton, J.) ("Because the Plaintiff has failed to argue any of the federal claims he asserted against the Town of Gantt, his federal claims against the Town of Gantt are deemed abandoned and summary judgment is due to be granted in favor of the Town of Gantt on those claims."); Sims v. Glover, 84 F. Supp.2d 1273, 1278 (M.D. Ala. 1997) (DeMent, J.) (holding plaintiff abandoned claims by failing to argue them in response to motion to dismiss).

### 1.  *No Mention of Fifth Amendment Due Process and Equal Protection Claims, or Fourteenth Amendment Equal Protection Claim.*

The plaintiff's response brief does not argue her Fifth Amendment due process and equal protection claims, or her Fourteenth Amendment equal

protection claim. It never mentions any of those claims. They are totally abandoned.

The defendants respectfully ask the Court to dismiss the Fifth Amendment due process and equal protection claims and the Fourteenth Amendment equal protection claim with prejudice based on the merits as discussed in the defendants' principal memorandum, and based on the fact of their abandonment.

### 2. *Failure to Argue Municipal Liability Claim.*

The plaintiff's response also does not argue the § 1983 municipal liability claim in Count II. (See Doc. 19 at 5-6, ¶¶ 18-23.) That is the only count against the City of Eufaula, and the plaintiff has abandoned it.

To be fair, the words "municipal liability" do appear in the plaintiff's brief, but in an entirely different context. On Page 6 of her brief, the plaintiff reproduces quotations from opinions that address the heightened pleading requirement. (See Doc. 31 at 6.) Some of those quotations mention municipal liability generally.

It is important to note, however, that the defendants have not asked the Court to apply the heightened pleading requirement to Count II's § 1983 municipal liability claim. (See Doc. 29 at 13-16.) The defendants' heightened pleading argument is directed to Count I, which contains only claims against Investigators Hanners and Dubose individually. (See Doc. 29 at 11-13.)

Thus, while the plaintiff's response brief uses the words "municipal liability," it does so only incidentally, and only in the limited context of

3

responding to the defense argument to apply the heightened pleading requirement to Count I.

To be clear, the plaintiff's brief does not address any of the defendants' arguments about Count II (the municipal liability section). The plaintiff has not attempted to rebut those arguments, or otherwise to defend her § 1983 municipal liability claim against dismissal.

The defendants ask the Court to dismiss the municipal liability claim with prejudice based on the merits as discussed in the defendants' principal memorandum, and based on the fact of their abandonment.

### B. The Complaint Does Not State a Fourteenth Amendment Due Process Claim.

Section II of the plaintiff's response brief argues her Fourteenth Amendment due process claim. (See Doc. 31.) However, the Due Process Clause does not apply to allegations of arrest without probable cause. See Albright v. Oliver, 510 U.S. 266, 273-75 (1994).

The plaintiff's error lies in her reliance upon superseded Supreme Court decisions. For example, she relies upon Bell v. Burson, 402 U.S. 535 (1971), Morrissey v. Brewer, 408 U.S. 471 (1972), and Paul v. Davis, 424 U.S. 693 (1976). (See Doc. 31 at 4, ¶ 1.) However, all of those cases were decided before the Supreme Court's watershed decision in Graham v. Connor, 490 U.S. 386 (1989).

In Graham, the Supreme Court expressly rejected the Fourteenth Amendment's generalized "substantive due process" approach for

circumstances in which another amendment explicitly addresses the conduct at issue:

> Today we make explicit what was implicit in *Garner*'s analysis, and hold that *all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

Graham, 490 U.S. at 395.

Graham was a "use of force" case. However, in 1994 the Supreme Court extended Graham's holding to claims of arrest without probable cause. See Albright v. Oliver, 510 U.S. 266, 273-75 (1994).

Since Albright, the courts of this circuit have recognized that the Fourteenth Amendment's Due Process Clause does not apply to allegations of arrest without probable cause. See, e.g., Strickland v. City of Dothan, 399 F. Supp.2d 1275, 1284-85 (M.D. Ala. 2005) (Thompson, J.) (holding Due Process Clause does not apply to allegation of arrest without probable cause); see also Hill v. Mull, No. 5:04-cv-329-DF, 2006 WL 3022280, at *5 (M.D. Ga. Oct. 23, 2006) (dismissing due process claim alleging arrest without probable cause); Gerous v. City of Oak Hill, No. 6:05-cv-1837-ORL-28, 2006 WL 2128630, at *5 (M.D. Fla. July 27, 2006) (holding Due Process Clause does not apply to allegation of arrest without probable cause).

The defendants respectfully ask the Court to dismiss the plaintiff's Fourteenth Amendment due process claim for failure to state a claim upon relief can be granted, and based on the doctrine of qualified immunity.

**C. *The Plaintiff Misconstrues the Doctrine of Qualified Immunity, and She Has Not Met Her Burden to Overcome It.***

    **1. *The Plaintiff Confuses State and Federal Immunity.***

Section I of the plaintiff's brief is devoted to the issue of immunity. However, she has confused, and improperly combined, the elements of state law immunity with the federal doctrine of qualified immunity.

The Second Amended Complaint does not contain any state law claims. (See Doc. 19.) Investigators Hanners and Dubose have argued only the federal doctrine of qualified immunity in their motion to dismiss.

On Page 1 of her response brief, however, the plaintiff quotes a state law definition for "discretionary function". (See Doc. 31 at 1.) On Page 2, the plaintiff discusses Code of Alabama § 6-5-338 (1975) and the state law immunity exceptions of malice, willfulness, fraud and bad faith. (See Doc. 31 at 2.) On Page 3, the plaintiff quotes a state court decision from Georgia. (See Doc. 31 at 3.) None of those authorities applies to this motion. The only form of immunity advanced by the defendants in their motion to dismiss is the federal doctrine of qualified immunity.

    **2. *The Plaintiff Quotes the Wrong Definition of "Discretionary Function".***

The definition for a "discretionary function" under the doctrine of qualified immunity is not the same as the one used in state law immunity

6

analysis. "For purposes of qualified immunity, a governmental actor engaged in purely ministerial activities can nevertheless be performing a discretionary function." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004).

"Instead of focusing on whether the acts in question involved the exercise of actual discretion, we assess whether they are of a type that fell within the employee's job responsibilities. Our inquiry is two-fold. We ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004).

"In applying each prong of this test, we look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1266 (11th Cir. 2004).

"In assessing whether a police officer may assert qualified immunity against a Fourth Amendment claim, we do not ask whether he has the right to engage in unconstitutional searches and seizures, but whether engaging in searches and seizures is a part of his job-related powers and responsibilities." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1266 (11th Cir. 2004).

The plaintiff's reliance upon state law for the definition of a "discretionary function" is misplaced. Under the circumstances pled in the Second Amended Complaint, the plaintiff's arrest was a discretionary function.

### *3.    The Plaintiff Argues For Immunity Exceptions That Do Not Apply.*

The state law immunity exceptions of malice, willfulness, fraud and bad faith do not apply in the context of federal qualified immunity. See Crawford-El v. Britton, 523 U.S. 574, 589 (1998) ("Evidence of improper motive is irrelevant on the issue of qualified immunity.").

"A defense of qualified immunity may not be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated. Evidence concerning the defendant's subjective intent is simply irrelevant to that defense." Crawford-El v. Britton, 523 U.S. 574, 588 (1998).

"The immunity standard in Harlow itself eliminates all motive-based claims in which the official's conduct did not violate clearly established law." Crawford-El v. Britton, 523 U.S. 574, 592 (1998) (citing Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

"For qualified immunity purposes, the subjective motivation of the defendant-official is immaterial." Hansen v. Soldenwagner, 19 F.3d 573, 578 (11th Cir. 1994).

The state law immunity exceptions identified by the plaintiff do not apply in the context of federal qualified immunity.

### *4. Plaintiff Failed to Meet Her Burden to Overcome Qualified Immunity.*

Once Investigators Hanners and Dubose met their burden of establishing their performance of a discretionary function, the burden shifted to the plaintiff to overcome the doctrine of qualified immunity. See Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004) ("Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity.").

"Once action within the scope of discretionary authority has been established, a reviewing court's first task is to determine whether the complainant has alleged the deprivation of a cognizable constitutional right." Tinker v. Beasley, 429 F.3d 1324, 1327 (11th Cir. 2005). The plaintiff has not met that burden.

"The scope of the review must be limited to the four corners of the complaint." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). "The motion to dismiss will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'" St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (quoting Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001)).

"A district court may not infer claims other than those that plainly appear on the face of the complaint to defeat a defense of qualified immunity. To do so is to ignore both the heightened pleading standard for § 1983 claims that is the law of this circuit and the Supreme Court's call for a 'firm application of the Federal Rules of Civil Procedure' in cases where qualified

9

immunity is asserted." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (quoting Butz v. Economou, 438 U.S. 478, 508 (1978)).

The plaintiff has not pled any claims that are cognizable for the facts alleged. She has not met her burden to overcome qualified immunity.

Investigators Hanners and Dubose respectfully ask the Court to dismiss all claims against them under the doctrine of qualified immunity.

### D. *The Heightened Pleading Requirement Governs Count I.*

In Section III of her brief, the plaintiff argues that the heightened pleading requirement does not apply. (See Doc. 31 at 6-7.) However, she fails to distinguish between § 1983 claims against individual defendants, on the one hand, and § 1983 claims against municipalities, on the other.

The defendants have not advanced a heightened pleading argument as to Count II, which is the municipal liability count. (See Doc. 19 at 5-6.) The defendants agree that Leatherman v. Tarrant County, 507 U.S. 163 (1993), abrogated the heightened pleading requirement as applied to § 1983 municipal liability claims.

The defendants' heightened pleading argument relates to the first count: "Count I does not meet the Eleventh Circuit's heightened pleading standard to overcome qualified immunity." (See Doc. 29 at 13, ¶ 1.) That is the count against Investigators Hanners and Dubose. (See Doc. 19 at 3-4, ¶¶ 12-17.)

As to individuals defendants, the heightened pleading requirement remains the law of this circuit. See GJR Invs., Inc. v. County of Escambia, 132

10

F.3d 1359, 1369 (11th Cir. 1998) ("The heightened pleading requirement is the law of this circuit."); see also Swanson v. Pitt, 330 F. Supp. 2d 1269, 1282 n.31 (M.D. Ala. 2004) (Thompson, J.) (explaining that heightened pleading requirement applies to § 1983 claims against individual defendants, but not to claims against municipalities).

The plaintiff's argument against the heightened pleading requirement misses the mark.

### III.  CONCLUSION

The Second Amended Complaint does not state any claim upon which relief can be granted.  Under the doctrine of qualified immunity and under Rule 12(b)(6), the defendants respectfully ask the Court to dismiss all claims with prejudice.

/s/ James H. Pike
James H. Pike  (PIK003)
Attorney for Defendants the City of Eufaula, Alabama, and Steve Hanners

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@scplaw.us

/s/ Jeffery H. Long
Jeffery H. Long  (LON015)
Attorney for Defendant David Dubose

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, Alabama  36130
Tel. (334) 242-7300
Fax (334) 242-2433
E-mail jlong@ago.state.al.us

## **CERTIFICATE OF SERVICE**

      I, James H. Pike, certify that on March 23, 2007, I electronically served a copy of this document upon:

    Benjamin E. Meredith
    707 West Main Street
    Dothan, Alabama  36301

                                  **/s/ James H. Pike**
                                  James H. Pike